UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**RANCE DUNBAR**             **CIVIL ACTION**

**VERSUS**             **NO. 09-3147**

**STATE OF LOUISIANA**             **SECTION "N (6)**

## REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting hearings, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. For the reasons set forth below, it is recommended that the instant petition be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

RANCE DUNBAR is a state prisoner currently held at the Bossier Parish Medium Security Facility in Plain Dealing, Louisiana. Dunbar is serving a 12 year sentence, after being convicted on July 19, 2005 of the offense of unauthorized use of a motor vehicle (a violation of La.R.S. 14:86.4) and having been adjudicated a third felony offender in the Orleans Parish Criminal District Court, Parish of Orleans.[1]  Dunbar took a direct appeal, raising three claims for relief: 1) insufficiency of the evidence; 2) the multiple offender statute was unconstitutional; and, 3) excessive sentence.  Petitioner's conviction and sentence were overturned by the Louisiana Court of Appeal, Fourth Circuit on January 10, 2007, on the basis of insufficiency of the evidence.[2]  The Louisiana Supreme Court, however, reversed the Louisiana Fourth Circuit Court of Appeal on February 26, 2008, and remanded the petitioner's appeal for consideration of the remaining issues raised on direct appeal.[3]  On remand, the Louisiana Fourth Circuit Court of Appeal addressed petitioner's two remaining issues of unconstitutional multiple bill and excessive sentence and affirmed petitioner's

---

[1] *State v. Dunbar*, Case No. 456-998, Orleans Parish Criminal District Court, Sect. "F", Waldron, J.  See Docket entries dated 7/19/05 and 8/26/05, State Rec. vol. 1 of 4.  See also Minute Entry dated 7/19/05.

[2] *State v. Dunbar*, 950 So.2d 872 (La. App. 4th Cir. Jan. 10, 2007)(2006-KA-1030).  A copy of this opinion is located in State Rec. vol. 2 of 4. The court did not address the issues of unconstitutional multiple bill and the issue of excessive sentence.

[3] *State v. Dunbar*, 978 So.2d 899 (La. Feb. 26, 2008)(2007-K-0219). A copy of this opinion is located in State Rec. vol. 4 of 4.

2

conviction and sentence on March 19, 2008. [4] Petitioner sought no further review of this ruling in the state courts.

The instant application for federal habeas relief was filed in this court on March 1, 2009. Therein, Dunbar raises the following claims:

1) 6th Amendment violation in that petitioner claims not to have had legal representation in front of the Louisiana Supreme Court when the State applied for certiorari;

2) Due process violation; 5th Amendment violation;

3) "Personal abridgement"/14th Amendment violation as lower state courts have allegedly failed to respond to Dunbar's petitions; and,

4) excessive sentence/Eighth Amendment violation.[5]

The State filed a response to Dunbar's federal habeas petition asserting that Dunbar has failed to exhaust all of the issues raised in his federal petition. The State claims that

---

[4] *State v. Dunbar*, 981 So.2d 51 (La. App. 4th Cir. March 19, 2008)(2006-KA-1030). A copy of this opinion is located in State Rec. vol. 2 of 4.

[5] Dunbar also filed a pleading he entitled, "Supplemental Memorandum" which consists primarily of a copy of the Louisiana Court of Appeal, Fourth Circuit's opinion in *State v. Dunbar*, 950 So.2d 872 (La. App. 4th Cir. Jan. 10, 2007)(2006-KA-1030). See Rec. Doc. 12. A copy of this opinion is located in State Rec. vol. 2 of 4. The court is not sure if petitioner is attempting to raise a new claim via filing the ruling that was initially a success for petitioner or if he is attempting to supplement the record before this court. Regardless of petitioner's intent, his federal habeas would still contain unexhausted claims for which dismissal for failure to exhaust is required.

Dunbar has failed to raise his claims before the highest state court and thus is prohibited from raising them in this court. For the following reasons, the State is correct.[6]

### EXHAUSTION

Federal law is clear that a state prisoner must exhaust available state court remedies as to each ground upon which he claims entitlement to habeas corpus relief. 28 U.S.C. § 2254(b)(1); *Rose v. Lundy*, 455 U.S. 509, 102 S. Ct. 1198 (1982); *Preiser v. Rodriguez*, 411 U.S. 475, 93 S. Ct. 1827 (1973); *Serio v. Members of the Louisiana Board of Pardons*, 821 F. 2d 1112, 1117 (5th Cir. 1987). A total exhaustion rule promotes comity and such a rule does not unreasonably impair a prisoner's right to relief. *Rose*, 455 U.S. at 522, 102 S. Ct. at 1205. Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented to the state's highest court in a procedurally proper manner. *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988). See also, *Anderson v. Johnson*, 338 F.3d 382 (5th Cir. 2003), citing *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir.1997), *Picard v. Connor*, 404 U.S. 270, 275-76, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971) (To satisfy the exhaustion requirement, "a habeas petitioner must have fairly presented the substance of his claim to the state courts.") As the Supreme Court explained in *Picard*:

---

[6]The State also asserts that petitioner's claim that he lacked legal representation on appeal to the Louisiana Supreme court is "patently false" and that petitioner's excessive sentence claim is procedurally barred from this court's review and should be denied. However, if petitioner has failed to exhaust all of the claims raised in his petition, this court will not address some of his claims in a "piecemeal" fashion but instead shall dismiss the entire petition due to the lack of exhaustion.

> The exhaustion-of-state remedies doctrine . . . reflects a policy of federal-state comity, . . . an accommodation of our federal system designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights . . . . We have consistently adhered to this federal policy, for it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation.

*Id.* at 275, 92 S.Ct. at 512 (citations and quotations omitted)

In the instant case, the only issue which has been raised before the state district court, the intermediate appellate court and the Louisiana Supreme Court is the issue of sufficiency of the evidence, a claim not raised before this court. None of the four claims raised in Dunbar's federal petition have been fully exhausted in the state courts. This court is therefore barred from addressing Dunbar's claims.[7]

## **RECOMMENDATION**

Accordingly, it is recommended that petitioner's application for habeas corpus relief be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions

---

[7] It is likely that Dunbar's four claims are procedurally barred in the state courts pursuant to La.C.Cr. P. art. 930.8(A), as it has been more than 2 years since Dunbar's conviction and sentence were final. However, this court defers such a finding to the state courts should Dunbar attempt to take steps to exhaust his claims.

accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[8]

  New Orleans, Louisiana, this 15th day of February, 2011.

              _____
              LOUIS MOORE, JR.
              UNITED STATES MAGISTRATE JUDGE

---

[8] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.